**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR ESTEBAN VALLE, CDCR #BT7058<br><br>                     Plaintiff,<br><br>vs.<br><br>DR. RICHARD OBLER, SHANNAHAN, COLLEEN STANICH, POLICE OFFICER JOHN DOE,<br><br>                    Defendants. | Case No.: 3:23-cv-2128-WQH-DEB<br><br>**SCREENING ORDER RE SECOND AMENDED COMPLAINT**<br><br>**(1) DISMISSING DEFENDANTS STANICH AND SHANNAHAN AS PARTIES;**<br><br>**(2) DISMISSING SPECIFIED CAUSES OF ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b);**<br><br>**(3) DIRECTING MARSHAL SERVICE AS TO DEFENDANT OBLER PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

## I.    INTRODUCTION

Oscar Esteban Valle ("Plaintiff" or "Valle"), a state inmate currently housed at the California Medical Facility is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 12, 2024, the Court granted Plaintiff's Motion to Proceed *In*

*Forma Pauperis* ("IFP") and dismissed the original complaint without prejudice for failure to state a claim. ECF No. 10. Valle filed a First Amended Complaint ("FAC") on May 28, 2024. ECF No. 13. But before the Court could screen the FAC, Valle filed a Second Amended Complaint ("SAC"), which is now the operative pleading. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (internal quotation marks omitted).

For the reasons discussed below, the Court dismisses Valle's claims against Defendants Stanich and Shannahan and dismisses his Eighth and Fourteenth Amendment claims as to all Defendants. The Court finds Plaintiff's Fourth Amendment claims against Defendants Doe and Obler sufficient to survive screening and directs Marshal Service of the SAC as to Valle's Fourth Amendment claim against Defendant Obler.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

### A. Legal Standards

As discussed in this Court's previous screening order, under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP amended complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me

2

accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## B. Plaintiff's Allegations

In his SAC, Plaintiff alleges that on November 8, 2021, he was taken into custody by National City Police officers. SAC, ECF No. 14 at 3. After his arrest, officers transported Valle to Paradise Valley Hospital in National City, California because Valle had complained of chest pain and difficulty breathing. *Id.* Once at the hospital, x-rays revealed Valle had a "foreign object" in his rectum. *Id.* While conducting an initial exam of Valle, Dr. Richard Obler made "sexual comments" about how he would "fish [the foreign object] out." *Id.* at 3, 5. Detective Shannahan heard Obler's comments and laughed. *Id.* at 3. Valle refused medical treatment for the foreign object but requested fluids and Tylenol for pain. *Id.* When Valle asked Shannahan why he did not intervene when Obler made inappropriate comments, Shannahan ignored him. *Id.* at 5.

Later that same day, police officers transported Valle to the San Diego County Jail where staff took another x-ray which, again, revealed the presence of the foreign object in Plaintiff's rectum. *Id.* at 3. Jail staff refused to accept Valle in his condition, so Shannahan transported Valle back to Paradise Valley Hospital. *Id.* Shortly after Valle arrived at the hospital the second time, Shannahan was relieved by Officer John Doe. *Id.* While Valle was in restraints, Obler examined him again and made more inappropriate jokes about Valle's condition. Valle asked Officer Doe to "keep Doctor Obler away from him" but Doe ignored Valle's request. *Id.* Obler then asked Officer Doe if he "could conduct a search on [Valle] [for] the contraband." *Id.* Doe responded that Obler could "search anything to get [Valle] to jail faster." *Id.*

Obler then put on a "glove while cornering Plaintiff . . . saying he [was] going [to] get it out." Valle yelled for Officer Doe to intervene, but he did not. *Id.* Obler then put his hand down Valle's pants, grabbed Valle's "penis foreskin ejaculated him 3 time [sic] while licking his lips and [asking] if he like[d] it, reach[ed] around for [Valle's] testicle [and] forc[ed] his finger inside Plaintiff's rectum." *Id.* Shortly thereafter, Obler stated that it was alright to give Valle water and food.[1] When Valle asked Officer Doe "why he let [ ] Obler do what he did," Doe responded, "he is [the] doctor and [he] knows." *Id*. Nurse Torres then brought Valle water and food. Valle told Torres he had been sexually assaulted by Dr. Obler. *Id.*

The next day, while still at the hospital, Valle reported to National City Police Detective Stanich that he had been "sexually assaulted" by Obler. *Id.* at 4. Stanich responded that she did not care. *Id.* Stanich came back to Valle's room later and told him that she would "investigate the sexual assault" "if he help[s] them get the object out [of] his] rectum." *Id.* Plaintiff agreed to her "proposition." While being observed by a nurse, Plaintiff attempted to remove the object himself "for about 15 minutes," but was unsuccessful. Stanich ultimately refused to investigate Valle's claim against Obler. *Id.* Valle later told his new physician, Dr. Rodolfo, and a nurse, Cesar Cardenas, that Obler had sexually assaulted him. *Id.*

**C.    Discussion**

Valle raises claims under the Fourth, Eighth and Fourteenth Amendments and seeks compensatory damages and punitive damages. *Id.* at 3–5, 7. While Plaintiff fails to clearly identify the legal basis for his specific claims against each individual Defendant, the Court liberally construes the SAC as raising the following claims: (1) Plaintiff's Eighth Amendment rights were violated when Obler conducted a digital cavity search and Stanich, Shannahan and Doe failed to interceded; (2) his Fourteenth Amendment rights were

---

[1] Obler did not remove the foreign object.

violated when Stanich failed to investigate his claim that Obler had sexually assaulted him; (3) his constitutional rights were violated when Shannahan failed to intervene after Obler made inappropriate comments to Valle; and (4) his Fourth and Fourteenth Amendment rights were violated when Obler conducted a digital cavity search at Doe's behest. *See generally* ECF No. 14.

### 1. **Eighth Amendment**

First, to the extent Valle alleges Defendants violated his rights under the Eighth Amendment, he fails to state a claim. The Eighth Amendment's protections are specifically concerned with unnecessary and wanton infliction of pain in penal institutions. *See Whitley v. Albers*, 475 U.S. 312, 327, (1986). Because Valle was not imprisoned at any time during the relevant period at issue, the protections of the Eighth Amendment do not apply. The Court therefore DISMISSES Valle's Eighth Amendment claims with prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")

### 2. **Stanich**

Valle alleges Stanich violated his rights under the Fourteenth Amendment when she failed to adequately investigate his report that Obler had sexually assaulted him. ECF No. 14 at 4. But there is no constitutional right to receive a satisfactory response to a citizen's complaint. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *see also Best v. Sonoma Cnty. Sheriffs Dep't*, 2020 WL 5517192, at *6 ("Failure to conduct an internal affairs investigation or properly investigate complaints against law enforcement do[es] not amount to a violation of the due process clause of the Fourteenth Amendment."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any

5

investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"). Valle has therefore failed to state a Fourteenth Amendment claim against Stanich. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678. And because amendment would be futile, the claim is DISMISSED with prejudice. *See Hartmann*, 707 F.3d at 1130.

### 3. *Shannahan*

Plaintiff alleges Shannahan failed to intervene when Obler made inappropriate sexual comments and jokes during Valle's first visit to the hospital.[2] "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect." *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). But here, Valle falls to point to a constitutional violation. Mere verbal "harassment" is not a constitutional violation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *see also Garrison v. Fisher*, No. 10-cv-1441-JSW, 2010 WL 4735995, at *2 (N.D. Cal. Nov. 15, 2010) (stating verbal harassment or abuse is not sufficient to state a constitutional violation under section 1983). As such, Shannahan had no duty to intervene. Nor can Valle state a claim based on Shannahan's purported failure to prevent Obler from conducting a cavity search because Valle concedes that Shannahan was not present at that time. *See* ECF No. 14 at 3. Therefore, the Court finds Plaintiff has failed to state a claim against Shannahan, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678, and that further amendment would be futile. *See Hartmann*, 707 F.3d at 1130. Accordingly, the Court DISMISSES the claim with prejudice.

### 4. *Obler and Doe*

Valle alleges his Fourth and Fourteenth Amendment rights were violated when Obler conducted a nonconsensual cavity search with the permission of Officer Doe. ECF

---

[2] Shannahan transported Valle back to the hospital after jail staff refused to accept Valle for booking. ECF No. 14 at 3. Valle acknowledges, however, that Shannahan was relieved by Officer Doe shortly after Valle arrived at the hospital the second time. *See id.* Plaintiff does not allege Shannahan was present during Obler's second examination during which the purported assault occurred.

No. 14 at 3.

      a.    Fourteenth Amendment

First, to the extent Valle also seeks to raise a Fourteenth Amendment substantive due process claim premised on Obler's purported cavity search and/or Doe's assent to the search, he fails to state a claim. "Where a plaintiff premises a Fourth Amendment claim and a substantive due process claim on the same offending conduct, the due process claim cannot go forward." *Loftis v. Ramos*, 491 F. Supp. 3d 753, 768 (S.D. Cal. 2019) (citing *Graham v. O'Connor*, 490 U.S. 386, 394 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against . . . physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims . . ..")). The Fourth Amendment specifically addresses the search at issue in this case, and thus Plaintiffs' claims must be considered under the Fourth Amendment. Therefore, the Court DISMISSES Valle's Fourteenth Amendment claims against Obler and Doe without leave to amend. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678, *Hartmann*, 707 F.3d at 1130.

      b.    Fourth Amendment

As to the Fourth Amendment, however, the Court finds Valle has alleged sufficient facts to state plausible claims against Obler and Doe.[3] The Fourth Amendment requires that a nonconsensual physical search of a suspect's body, like any other nonconsensual search, be reasonable. *See Winston v. Lee*, 470 U.S. 753, 759–60 (1985). However, "[a]n

---

[3] Valle alleges Obler was under contract with National City to provide medical services to arrestees. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital "contract [ed] with the state . . . to provide medical services to indigent citizens"). In addition, a private individual or entity may be considered to be acting under color of state law if a private party intentionally engages in joint action with a state official to deprive someone of a constitutional right. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights.")

intrusion into the human body implicates an individual's 'most personal and deep-rooted expectations of privacy.'" *United States v. Fowlkes*, 804 F.3d 954, 960-61 (9th Cir. 2015) (quoting Winston, 470 U.S. at 760); *Tribble v. Gardner*, 860 F.2d 321, 324 (9th Cir. 1988) (stating "digital rectal searches are highly intrusive and humiliating"); *Kennedy v. Los Angeles Police Dep't*, 901 F.2d 702, 711 (9th Cir. 1989). ("The intrusiveness of a body-cavity search cannot be overstated."). As such, "Fourth Amendment analysis thus require[s] a discerning inquiry into the facts and circumstances to determine whether the intrusion[s] [are] justifiable." *Winston*, 470 U.S. at 760; *see Fowlkes*, 804 F.3d at 961 (searches involving intrusion into a person's body implicate "greater constitutional concerns"); *George v. Edholm*, 752 F.3d 1206, 1217 (9th Cir. 2014) (stating that a body search, requires "a more substantial justification" than other searches). Here, Valle alleges Obler conducted a nonconsensual cavity search and a sexual assault. Taking the facts alleged in the SAC as true, the Court finds Valle has stated a plausible Fourth Amendment claim against Obler.

The Court further finds Valle's allegations are sufficient to state a plausible Fourth Amendment claim against Doe. *See George v. Edholm*, 752 F.3d 1206, 1215 (9th Cir. 2014) ("[O]fficers may not avoid the requirements of the Fourth Amendment by inducing, coercing, promoting, or encouraging private parties to perform searches they would not otherwise perform."); *Norwood v. Harrison*, 413 U.S. 455, 465 (1973) ("[I]t is . . . axiomatic that a state may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish."); *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614 (1989) (stating a search may be attributed to the state when "the private party acted as an instrument or agent of the Government" in conducting the search).

5.  ***Summary of Claims Surviving Screening***

In sum, the Court finds only Plaintiff's Fourth Amendment claims involving Defendant Obler and Doe are "sufficient to warrant . . . an answer." *Wilhelm*, 680 F.3d at 1123. But because Plaintiff's SAC identifies only Obler by name, it will direct U.S.

Marshal service upon Obler only at this time.[4] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

All remaining allegations in Plaintiff's SAC fail to state a claim upon which § 1983 can be granted and are therefore **DISMISSED** *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### III.   CONCLUSION AND ORDER

For the above reasons, the Court hereby:

1. **DISMISSES** Defendants Stanich and Shannahan and **DIRECTS** the Clerk of the Court to terminate them as parties to this matter based on Plaintiff's failure to state a claim against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. **DISMISSES** all claims and causes of action in Plaintiff's Second Amended Complaint as alleged against Defendants Obler, and Doe for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

---

[4] While the Court finds Plaintiff's Fourth Amendment allegations involving Doe sufficiently pleaded to survive initial screening pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b), he must first identify Officer Doe, submit an amended pleading and/or file a motion to substitute Doe's true name, and request U.S. Mashal service upon Doe as required by Federal Rule of Civil Procedure 4 before any claim alleged against him may proceed. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (stating Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify unknown Does, unless it is clear that discovery would not uncover their identities, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

1915A(b)(1), ***except*** the Fourth Amendment claims against Obler and Doe.

3. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint upon Defendant OBLER *only*, and forward it to him along with a blank U.S. Marshal Form 285 for Defendant OBLER. In addition, the Clerk will provide Plaintiff with a certified copy of this Order and certified copy of his Second Amended Complaint (ECF No. 14), and the summons so that he may serve Defendant OBLER. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where Defendant OBLER may be found and/or subject to service, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

4. **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Second Amended Complaint and summons upon Defendant OBLER at the address provided by Plaintiff on the USM Form 285 provided, and to file an executed waiver of personal service upon Defendant OBLER with the Clerk of Court as soon as possible after its return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Amended Complaint, and request for waiver were mailed to Defendant OBLER, and indicate why service remains unexecuted. All costs of service will be advanced by the United States; however, if a Defendant located within the United States fails without good cause to sign and return the waivers requested by the Marshal on Plaintiff's behalf, the Court will impose upon that Defendant any expenses later incurred in making personal service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5. **ORDERS** Defendant OBLER, once served, to reply to the claims found sufficient to survive screening in Plaintiff's Second Amended Complaint, *and any subsequent pleading Plaintiff may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be

permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face of the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

6. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant(s), or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 24, 2024

Hon. William Q. Hayes
United States District Court