UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ESTEVAN VALLE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DR. RICHARD M. OBLER and OFFICER JOHN DOE,<br><br>　　　　　　　　　Defendants. | Case No.: 23-cv-2128-WQH-DEB<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO DISCLOSE OFFICER JOHN DOE'S IDENTITY AND PRESERVE EVIDENCE**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**[DKT. NOS. 19, 21, 22]** |

Before the Court are Plaintiff Oscar Estevan Valle's ("Valle") Motions to Disclose John Doe's Identity, Preserve Evidence, and Extension of Time to Serve Subpoenas. Dkt. Nos. 19, 21, and 22.[1] For the reasons discussed below, the Court **GRANTS** Valle's Motion for an Extension of Time and **DENIES** all other Motions without prejudice to refiling a motion in compliance with this Order by **June 16, 2025.**

---

[1] The Court DENIES Valle's April 10, 2025 motions as moot. Dkt. Nos. 21 and 22. Those motions are duplicative of the relief Plaintiff seeks in his February 6, 2025 motion. Dkt. No. 19.

On September 24, 2024, the Court dismissed Valle's claims against multiple defendants, and found "only [Valle's] Fourth Amendment claims involving Defendant Obler and Doe" survive screening under 28 U.S.C. §§ 1915(e) and 1915A(b). Dkt. No. 15 at 7–8 & n.4.

On November 15, 2024, Valle filed a motion seeking early discovery to learn Defendant Officer John Doe's identity. Dkt. No. 17. Valle's Complaint alleges Defendant Officer Doe is the National City police officer who relieved Detective Shannahan at the Paradise Valley Hospital on November 8, 2021. Dkt. No. 13 at 3.

On December 10, 2024, the Court granted in part and denied in part Valle's motion, inviting Valle to file a renewed motion that: (1) describes the information he is seeking; (2) explains why the information is likely available from the party receiving the discovery; and (3) attaches the proposed discovery. Dkt. No. 18. Valle's current motion describes the information he seeks and explains why National City Police Department, a non-party, is likely to have that information, such as incident reports related to his arrest and subsequent treatment at Paradise Valley Hospital. Valle did not, however, attach any proposed discovery requests or subpoenas to his motion, as the Court's December 10th Order required. Dkt. No. 18.[2]

Valle's renewed motion seeks the "identity of all police officers involved in his arrest [on November 8, 2021] . . . in order to find Defendant John [Doe's] identity[.]" Dkt. No. 19. However, only information about Defendant Officer Doe's identity is relevant to Valle's early discovery request. Valle alleges Defendant Officer Doe was present during Valle's medical examination, where Valle further alleges he was sexually assaulted by Defendant Obler at Officer Doe's behest. *Id.* at 5–7 & n.2.

Valle has not explained why the San Diego Police Department or Paradise Valley Hospital would have documents identifying a National City police officer, and no reason

---

[2] Because National City Police Department is a non-party, Valle must issue a subpoena to obtain the information he seeks. *See* Fed. R. Civ. P. 45.

is apparent to the Court. Valle's request to subpoena those entities, therefore, is denied. The Court also denies Valle's requests for "video from the hospital" and police body-worn "video recordings" for his "defen[s]e and evidence on [his] al[le]gations," because those items are neither necessary nor likely to identify Officer Doe.

Valle may file a renewed motion that attaches a subpoena he proposes to serve on National City Police Department. The proposed subpoena must specifically and narrowly describe the information he is seeking from National City Police Department, limiting any request to information solely concerning the identity of Defendant Officer Doe. For example, if Valle is seeking incident reports likely to identify Officer Doe, he should describe the date, parties involved, and nature of the incident. He must include mailing or contact information for National City Police Department to allow the United States Marshals Service (USMS) to serve any approved subpoena. Valle should state in any proposed subpoena that the responsive information should be returned to the Litigation Coordinator at the California Medical Facility, and further directed to Valle's attention.

Upon filing of a renewed motion, the Court will review the proposed subpoena and, if it complies with the restrictions in this Order, the Court will complete a U.S. Marshal 285 form, attaching a subpoena for the USMS's service.

The Court **DIRECTS** the Clerk's Office to mail a blank subpoena duces tecum form [AO-88B "Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in Civil Action"] to Valle with this Order. If Valle seeks to file a renewed motion for early discovery, he must attach to that motion a completed and signed Form AO 88B subpoena for the Court's review. Valle must file any such motion on or before **June 16, 2025**.

Valle's request for an extension of time to identify and serve Defendant Officer Doe is **GRANTED** as stated herein. This is Valle's final extension of time to identify Defendant Officer Doe and initiate service of process absent extraordinary cause, as it is the fifth

extension of time to properly initiate his claims, which he filed more than seventeen months ago. *See* Dkt. Nos. 1, 6, 12, 15, and 18.[3]

Valle's request for an order to preserve evidence (Dkt. No. 19) is **DENIED** because it is not directed to a party subject to this Court's jurisdiction.

**IT IS SO ORDERED.**

Dated: May 2, 2025

Daniel E. Butcher
United States Magistrate Judge

---

[3] The Court refers Valle to https://www.casd.uscourts.gov/forms.aspx?list=all; and https://www.casd.uscourts.gov/forms.aspx?list=subpoenainacivilandcriminalaction. The Court's webpage also has helpful links to Information about Filing in Federal Court, Frequently Asked Questions, Pro Se Packet Prisoner, and Pro Se Documents Prisoner at: https://www.casd.uscourts.gov/Prose.aspx.