UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ESTEVAN VALLE,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. RICHARD M. OBLER and<br>OFFICER JOHN DOE,<br><br>                              Defendants. | Case No.: 23-cv-2128-WQH-DEB<br><br>**REPORT AND RECOMMENDATION DENYING DEFENDANT DR. OBLER'S MOTION TO DISMISS**<br><br>**[DKT. NO. 33]** |

This Report and Recommendation on Defendant Dr. Richard M. Obler's Motion to Dismiss (Dkt. No. 33) is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(e). For the reasons discussed below, the undersigned recommends DENYING the Motion.

## I.    BACKGROUND

Plaintiff Oscar Estevan Valle, a state prisoner proceeding pro se, alleges Defendants Dr. Richard M. Obler ("Dr. Obler") and an unknown National City Police Officer violated his Fourth Amendment right to be free from unreasonable searches. Dkt. No. 14 at 3 (Second Am. Compl.). The allegations arise out of Valle's treatment at Paradise Valley Hospital for chest pain, breathing problems, and a foreign object in his rectum. Valle alleges Dr. Obler conducted a nonconsensual cavity search against Valle's protests and screams for help. *Id.* Valle also claims Dr. Obler "made sexual verbal statements [and

1

gestures toward P]laintiff," and stated he would retrieve the object from Valle's rectum "by fishing it [out]." *Id.* Valle further alleges Dr. Obler "grab[bed Valle's] penis fore[]skin[,] ejaculated him 3 time[s] while licking his lips[,] asking if [Valle] like[d] it[,] reach[ed] for his testicle[,] forcing his finger inside [Valle's] rectum." *Id.*

Valle further alleges an unknown National City Police Department officer directed Dr. Obler to "search anything [sic] to get [Valle] to jail faster." *Id.*[1]

The Court screened Valle's Second Amended Complaint ("SAC") and found it plausibly alleged a Fourth Amendment violation against Dr. Obler and the unknown National City Police Department Officer, but the Court dismissed other claims and parties. Dkt. No. 15.[2] Dr. Obler now moves to dismiss on the grounds that Valle's complaint was not timely filed and that he is not subject to suit under 42 U.S.C. § 1983.

## II.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough facts to provide "fair notice" of both the claims asserted and "the grounds upon which [those claims] rest." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

---

[1] *See also* Dkt. No. 14 at 3 ("[O]bler ask[ed Officer Doe] if he [could] conduct a search on [Valle]" and "[O]bler follow[ed] [Doe's lead and orders] to search . . . while [knowing Plaintiff] refuse[d] search, while Plaintiff beg[ged] for any help from any one [sic] . . . .").

[2] Valle subpoenaed the National City Police Department to identify Officer John Doe. A third amended complaint is due July 31, 2026. Dkt. Nos. 45, 47.

23-cv-2128-WQH-DEB

In deciding a motion to dismiss, all material factual allegations in the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). A court, however, need not accept conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Because Valle proceeds pro se, the Court construes his filings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court, however, cannot "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 267, 268 (9th Cir. 1982).

### III.   DISCUSSION

Dr. Obler moves to dismiss Valle's SAC because: (1) it is time-barred by the two-year statute of limitations; and (2) Obler was a private actor, not a government actor; therefore, § 1983 does not apply. Dkt. No. 33. Dr. Obler also moves to dismiss Valle's prayer for punitive damages. Dkt. No. 33.[3] The Court discusses each argument in turn.

//

//

//

---

[3] Dr. Obler also moves to dismiss Plaintiff's Eighth and Fourteenth Amendment claims. Dkt. No. 33 at 8. The Court, however, has already dismissed those claims in its Screening Order Re Second Amended Complaint. Dkt. No. 15 at 5–7.

23-cv-2128-WQH-DEB

## A. <u>Statute of Limitations</u>

Valle's SAC alleges the events at issue occurred on November 8–9, 2021. Dkt. No. 13 at 3–4. Dr. Obler argues Valle's SAC is time-barred because it was filed on November 17, 2023, more than two years after the events at issue. Dkt. No. 33 at 6.

Section 1983 does not contain a limitations period. California's two-year statute of limitations for personal injury torts applies. *See Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California is governed by limitations period for personal injury actions in California); Cal. Civ. Proc. Code § 335.1 (two-year limitations period for personal injury claims).

A pro se prisoner's pleading is deemed filed when it is submitted to prison authorities for filing with the court. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (filing of § 1983 complaint occurs "at the time [a pro se prisoner] deliver[s] it to the prison authorities for forwarding to the court clerk."). This is because pro se prisoners lack control over delays between prison authorities' receipt of the pleading and its filing in the district court. *Houston,* 487 U.S. at 273–74 ("*pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally."); *Faile v. Upjohn Co*., 988 F.2d 985, 988 (9th Cir. 1993) (holding that "an incarcerated pro se litigant completes 'service' under Fed. R. Civ. P. 5(b) upon submission to prison authorities for forwarding to the party to be served.").

Although Valle's original Complaint is file-stamped November 17, 2023, it appears Valle signed it (and an attached written statement summarizing his allegations) on November 7, 2023, (Dkt. No. 1 at 7, 25), within the two-year limitations period.[4] Valle's

---

[4] Plaintiff's handwritten statement is clearly dated "11, 07, 23" (Dkt. No. 1 at 25), while his complaint appears initially dated "11.08.2023" and written over (interlineated) as "11.07.2023" (Dkt. No. 1 at 7), both within the limitations period.

sealed mailing envelope, attached to the Complaint, is dated "11/7/23," and the California Department of Corrections & Rehabilitation ("CDCR") postage is dated "Nov 10, 2023." Dkt. No. 1 at 26–27.[5]

For purposes of this Motion to Dismiss, Valle's Complaint complies with the limitations period because the dates on the Complaint, attached written statement, and mailing envelope reflect delivery to prison authorities within the two-year limitations period. The undersigned, therefore, recommends **DENYING** Dr. Obler's Motion to Dismiss based on the two-year statute of limitations. *Martin v. Am. Honda Motor Co.*, No. 06-cv-1581-BTM-JMA, 2007 WL 1660738, at *2 (S.D. Cal. June 7, 2007) (denying motion to dismiss pro se prisoner's § 1983 complaint because it was "entirely possible" plaintiff gave his complaint to prison authorities on or before the limitation period expired).[6]

### B. <u>State Actor</u>

Dr. Obler next argues Valle's § 1983 claim fails because Obler is a private actor, and the Fourth Amendment "does not protect against intrusive conduct by private individuals acting in a private capacity." Dkt. No. 33 at 7.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49 (1988). Private individuals acting under the color of state law,

---

[5] It is unclear whose signature is affixed to the sealed portion of Valle's envelope, but there is an illegible name, and an unspecified number ("86360"), next to the 11/7/23 date.

[6] Dr. Obler does not raise a relation-back argument. For purposes of this Report and Recommendation, the Court assumes the SAC relates back to the Complaint. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) ("To relate back, 'the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.' The relation back doctrine of Rule 15(c) is 'liberally applied.'") (citations omitted).

23-cv-2128-WQH-DEB

however, may be subject to suit in a § 1983 action. *See, e.g.*, *Jensen v. Lane County*, 222 F.3d 570, 575–77 (9th Cir. 2000) (private medical practitioner who evaluated a detainee for civil commitment at the government's request could be treated as a state actor). A plaintiff "bears the burden of establishing that [a defendant is a] state [actor]," and there is a "presumption that conduct by private actors is not state action." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted). "Whether a private party engaged in state action is a highly factual question." *Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

There are four situations where a private actor may be deemed to have acted under color of state law. *O'Handley v. Weber*, 62 F.4th 1145, 1157 (9th Cir. 2023) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). Three are relevant here: (1) the public function test; (2) the government compulsion test; and (3) the close nexus test. *Id.* "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) (citation omitted).

Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted). "[T]he question is whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982).

The second situation in which a private individual may be found to have acted under color of state law exists when government compulsion or "significant encouragement . . . converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 836–37 (9th Cir. 1999)).

The third situation in which a private individual may act under color of state law exists when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood*

6

*Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal citations and quotation marks omitted); *O'Handley*, 62 F.4th at 1157–58 (close nexus test "asks whether government officials have exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.") (citation omitted).

Valle's SAC contains sufficient allegations to satisfy the public function test. It describes Dr. Obler as an individual employed "as a doctor [at] [P]aradise [V]alle[y] hospital." Dkt. No. 14 at 2. It also alleges Dr. Obler was "contracted by National City Police," to "provid[e] medical services to detainee[s] and [arrestees], accompanied by a National [City] police officer." *Id.* Accepting these allegations as true, the SAC plausibly alleges Dr. Obler performed a public function in treating Valle. *See Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (*per curiam*) (finding state action where hospital "contract[ed] with the state . . . to provide medical services to indigent citizens").[7]

Valle's SAC also contains sufficient allegations to state a plausible claim under the government compulsion test. It alleges Dr. Obler "followed [the officer's] lead" and "followed [the officer's] orders" while "knowing [Valle] refused [a] search." Dkt. No. 14 at 3; *see also id.* (Dr. Obler asked the police officer's permission to search Plaintiff for

---

[7] *See also Gibbs v. Webb*, No. 2:18-cv-2817-JAM-DB, 2020 WL 2126692, at *3 (E.D. Cal. May 5, 2020) ("Considering notice pleading standards, plaintiff's allegation that the CFMG is a medical contractor at the jail is sufficient to allow him to bring suit under [§] 1983 against it as if it is a local government unit."); *Long v. Corizon Health, Inc.*, No. 17-cv-00898-DAD-JLT, 2018 WL 5962499, at *4 (E.D. Cal. Nov. 14, 2018) (plaintiff's allegations against private nurse were sufficient to state a claim considering public function test because she was employed by the health care provider that contracted "with a public prison system to provide treatment to inmates,"), *report and recommendation adopted*, 2018 WL 6528421 (E.D. Cal. Dec. 12, 2018); *Ayala v. Andreasen*, 2:04-0903-JAM-CMK, 2007 WL 1395093, at *3 (E.D. Cal. May 10, 2007*), report and recommendation adopted*, 2007 WL 4239813 (E.D. Cal. Nov. 29, 2007) (allegations in complaint were sufficient to establish that private physician acted under color of law, and "[w]hat matters is that [defendant] performed medical services on an inmate and that he did so pursuant to a contract between the state prison system and his [hospital] employer").

contraband, and the officer responded yes, "anything to get [Valle] to jail faster," and "[Dr. Obler] continue[d to] sexually assault [Valle] with [the officer's permission acting as a[n] accomplice, [knowing] what was going on."). Those allegations sufficiently allege the police officer exercised coercive power and/or provided such significant encouragement that Dr. Obler was acting under government compulsion. *See Sanchez v. Pereira-Castillo*, 590 F.3d 31, 52 (1st Cir. 2009) (reversing dismissal of prisoner's Fourth Amendment claim against private doctor where the correctional defendants "strongly encouraged [the doctor] to perform the surgery" on inmate to find contraband; state compulsion test satisfied by "the insistence and pressure exerted by John Doe upon all of the physicians that examined [plaintiff] at the [medical center]").

Finally, the allegations in Valle's SAC also satisfy the close nexus test. As discussed above, the SAC alleges concerted action between Dr. Obler and that the National City Police Officer to deprive Valle of his Fourth Amendment rights to be free from an unreasonable search. These allegations suffice at the motion to dismiss stage to support a plausible conclusion that Dr. Obler was "heavily involved in the decision[-]making process." *Rawson*, 975 F.3d at 754 (private mental hospital and hospital personnel acted under color of state law when they were "heavily involved in the decision[-]making process" regarding plaintiff's detention, diagnosis, and treatment); *Jensen*, 222 F.3d at 575 (close nexus satisfied where defendant private physician was part of a team of mental health professionals that included individuals acting in their capacity as county employees jointly responsible for making the medical determinations relevant to the duration of the plaintiff's emergency detention).

In sum, Valle's SAC sufficiently alleges Dr. Obler acted under color of state law when treating Valle. The undersigned, therefore, recommends **DENYING** Dr. Obler's Motion to Dismiss on the ground that he did not act under color of state law.

//

//

//

8

23-cv-2128-WQH-DEB

## C. **Punitive Damages**

Valle's SAC contains a prayer for punitive damages. Dkt. No. 14. Dr. Obler moves to dismiss the punitive damages claim because Dr. Obler was not a "government employee" subject to liability under § 1983. Dkt. No. 33 at 10.

As discussed above, however, Valle's SAC plausibly alleges Dr. Obler acted under color of state law and, therefore, is subject to suit under 42 U.S.C. § 1983. "Punitive damages may be recovered in appropriate circumstances under § 1983." *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014) (citation omitted); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 577 (9th Cir. 1984) ("Punitive, as well as compensatory, damages are available against individuals acting under color of state law in [§] 1983 actions."). The undersigned, therefore, **RECOMMENDS DENYING** the Dr. Obler's Motion to Dismiss the prayer for punitive damages.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order as follows: (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Defendant Obler's Motion to Dismiss. Dkt. No. 33.

**IT IS ORDERED** that no later than **<u>July 23, 2026</u>**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

//

//

//

//

//

//

//

//

9

23-cv-2128-WQH-DEB

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **within seven (7) days of the filing of the objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  **July 9, 2026**

_____
Daniel E. Butcher
United States Magistrate Judge

10

23-cv-2128-WQH-DEB